**Cite as: Opinion No. 94-032 (June 13, 1994) (unpublished)**

RETIREMENT SYSTEMS )    GENERAL ASSEMBLY )
DESIGNATION OF SINGLE BENEFICIARY OR DEATH BENEFIT

June 13, 1994

*The Honorable Joel Chasnoff*
*House of Delegates*

You have requested our opinion whether a member of the Legislative Pension Plan may designate more than one beneficiary to receive the death benefit payable under the plan. Under the plan, if there is no surviving spouse the death benefit is payable to "the designated beneficiary."

In memoranda dated March 6, 1991, and March 28, 1994, Assistant Attorney General Harriet B. Granet, Counsel to the Maryland State Retirement and Pension Systems, advised that a member may designate only one beneficiary. We have carefully reviewed Ms. Granet's memoranda, copies of which are attached, and we concur with her conclusion.

Ms. Granet's 1991 memorandum focused on the pertinent provision of the Legislative Retirement Plan as set forth in the 1990 Resolution of the General Assembly Compensation Commission. Ms. Granet convincingly explained why the term "a surviving beneficiary" was intended to permit the designation of only one beneficiary. Although the rule of construction in Article 1, §8 of the Maryland Code is that "[t]he singular always includes the plural, and vice versa, ...," this rule "cannot override the clear intention of the Legislature," as reflected in the provision's context and legislative history. *State Tax Comm'n v. Harrington,* 126 Md. 157, 168, 94 A. 537 (1915) (internal quotation marks omitted).

Moreover, as Ms. Granet pointed out in her subsequent memorandum, the report of the General Assembly Compensation Commission from January 1994 reflected a decision "not to alter the provisions of the 1990 Resolution with respect to ... designated beneficiaries." Commission Report at 26. The Commission reasoned that "[t]he designation of multiple beneficiaries could create administrative problems due to differing ages of such beneficiaries or in determining how much each beneficiary was eligible to receive." *Id*. Furthermore, a drafting note included in the report states "that the terms `beneficiary' and `designated beneficiary' refer to an individual. Thus, the definitions reflect current administrative practice which permits a participant to designate only one individual to receive benefits payable on the death of a member." Report at 206. *See also* Report at 209 ("administrative practice permits a participant who is not survived by a spouse to designate only one beneficiary ..."). This report is strong confirming evidence of the correctness of Ms. Granet's construction of the 1990 Resolution.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*